```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ROGER JAMES WHITBECK,

        Plaintiff,
v.                                    CASE NO: 8:10-cv-1578-T-33MAP

INTERNAL REVENUE SERVICE,

        Defendant,
_____/

## ORDER

This cause comes before the Court pursuant to pro se Plaintiff Roger James Whitbeck's Motion for Determination of Procedure, filed on December 23, 2010, (Doc. # 30) and Motion for Extension of Time, filed on December 27, 2010. (Doc. # 31). By the Motion for Determination of Procedure, Mr. Whitbeck moves for a determination of exactly what he must do under Federal Rule of Civil Procedure 4(i) in order to perfect service upon the Defendant Internal Revenue Service. (Doc. # 30). Mr. Whitbeck also requests a thirty day extension of time to perfect service of process on the Internal Revenue Service. (Doc. # 31). For the reasons that follow, this Court denies Mr. Whitbeck's Motion for Determination of Procedure, but grants his Motion for an Enlargement of Time, up to and including January 27, 2011.

**I.   Procedural Background**

Mr. Whitbeck filed the instant lawsuit against the Internal

Revenue Service for injuries arising out of an allegedly fraudulently filed tax lien on July 19, 2010. (Doc. # 1). Mr. Whitbeck moved for Final Default Judgment against the Internal Revenue Service on October 18, 2010, and submitted that the Internal Revenue Service failed to timely file a responsive pleading. (Doc. # 12). The Court denied the Motion for Final Default Judgment on October 20, 2010, noting that Mr. Whitbeck had failed to properly perfect service on the Internal Revenue Service pursuant to Federal Rule of Civil Procedure 4(i). (Doc. # 13).

On November 17, 2010, the Court entered an Order to Show Cause after it determined that Mr. Whitbeck had not perfected service of process upon Defendant Internal Revenue Service within 120 days after the filing of the complaint as required by Rule 4(m), Federal Rules of Civil Procedure. (Doc. # 20). Later that day, Mr. Whitbeck filed an affidavit and submitted that he had perfected service on the Attorney General of the United States pursuant to Rule 4(i)(1)(B), Federal Rules of Civil Procedure. (Doc. # 21). The Court found that the affidavit was insufficient to satisfy the applicable rules of civil procedure and again referenced Federal Rule of Civil Procedure 4(i). (Doc. # 22).

Mr. Whitbeck submitted a Second Notice to the Court on

2

November 22, 2010.  (Doc. # 23).  By the Second Notice, Mr. Whitbeck responded to the Court's Order to Show Cause.  (Doc. # 20).  Mr. Whitbeck alleged that he had, in fact, perfected service on the Internal Revenue Service pursuant to the Federal Rules of Civil Procedure by serving the Internal Revenue Service and the Attorney General.  (Doc. # 23 at 1, 2).  The Court reviewed the Second Notice and again attempted to provide Mr. Whitbeck with meaningful notice of what was required of him to perfect service, both by giving him ample time and opportunity to perfect service, and by directing him to comply with Federal Rule of Civil Procedure 4(i).  (Doc. # 24).  The Court found that Mr. Whitbeck's Second Notice was insufficient to satisfy the applicable rules of civil procedure and sua sponte granted him an extension of time up to and including December 23, 2010, to perfect service on the Internal Revenue Service.  (Doc. # 24).

By a Third, Fourth, and Fifth Notice, Mr. Whitbeck continued to provide the Court with information regarding the status of his legal research and his varying grievances. (Docs. ## 27, 28, 29).  On December 23, 2010, the Court entered a sua sponte endorsed order granting Mr. Whitbeck a second extension of time, up to and including January 17, 2011, to perfect service on the Internal Revenue Service.  (Doc. # 29).

3

**II. Motion for Determination of Procedure**

This Court has reviewed the Motion for Determination of Procedure and the pertinent portions of the record and is otherwise fully advised in the premises. (Doc. # 30). While the Court understand Mr. Whitbeck's desire for the Court to explain exactly what it is that he must do to perfect service on the Internal Revenue Service, the Court is not permitted to act as counsel for Mr. Whitbeck. Notwithstanding, the Court continues to attempt to provide Mr. Whitbeck with meaningful notice as well as ample time and opportunity to perfect service of process on the Internal Revenue Service. <u>Arabian Am. Oil Co. v. Scarfone</u>, 939 F.2d 1472, 1479 (11th Cir. 1991)(citing <u>Schooley v. Kennedy</u>, 712 F. 2d 372, 373 (8th Cir. 1973)). The Court denies Mr. Whitbeck's Motion for Determination of Procedure. (Doc. # 30).

**III. Motion for Extension of Time**

Mr. Whitbeck moves the Court for a thirty day extension of time from the date of this Order to effect service of process. In order to ensure that Mr. Whitbeck has ample time and opportunity to perfect service of process on the Internal Revenue Service, the Court has already granted him two extensions of time, up to and including January 17, 2011, or sixty days past the Federal Rule of Civil Procedure 4(m)

4

deadline. (Docs. ## 24, 29). However, to allow Mr. Whitbeck every possible opportunity to pursue his claims, the Court grants this third extension, up to and including January 27, 2011, to perfect service on the Internal Revenue Service pursuant to Federal Rule of Civil Procedure 4(i). If Mr. Whitbeck is unable to perfect service of process by January 27, 2011, the Court will have little choice but to dismiss this matter without prejudice with leave to refile.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Roger James Whitbeck's Motion for Determination of procedure is DENIED. (Doc. # 30).

(2) Mr. Whitbeck's Motion for Extension of Time (Doc. # 31) is GRANTED. Mr. Whitbeck has up to and including January 27, 2011, to perfect service on the Internal Revenue Service pursuant to Federal Rule of Civil Procedure 4(i), or this matter may be dismissed without prejudice with leave to refile.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of December, 2010.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

5

All Parties of Record