```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

ROGER WHITBECK,

        Plaintiff,
v.                              Case No.:  8:10-cv-1578-T-33MAP

INTERNAL REVENUE SERVICE,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the United States of America's Motion to Dismiss (Doc. # 37), filed on March 2, 2011. On April 6, 2011, Plaintiff filed his Response to the Motion to Dismiss (Doc. # 40). For the reasons that follow, the Court grants the Motion.

**I.   Background and Procedural History**

This suit arises from pro se Plaintiff Roger Whitbeck's allegations that the Internal Revenue Service (IRS) unlawfully seized $272.00 through garnishment of his wages, and fraudulently filed a federal tax lien against him in the amount of $9,181.30. Whitbeck alleges that he established a "pure" trust in 1997 "for his estate and financial matters," and appears to assert his belief that the putative trust should not be subject to federal income tax. (Doc. # 1-1 at 3 ¶ 1, 15 ¶ 5). He states that he "provides legal, financial, investment, land care, mechanical, electrical, carpentry and

plumbing services to the trust" and rather than taking compensation puts all his income into the trust corpus. (Id. at 26 ¶ 24). Whitbeck asserts that he is not obligated to pay federal income tax "on the earnings the plaintiff labors for as a trustee providing services for the trust." (Id. at ¶ 25).

The IRS levied upon Whitbeck's earnings on or about September 29, 2009, and subsequently filed the federal tax lien against him. (Id. at 31 ¶ 9, 34 ¶ 20). Although Whitbeck clearly disputed the lien, he does not appear to have filed an administrative claim with the IRS. He did correspond with various IRS offices over the course of more than a year, as recounted in Plaintiff's Brief on Facts (Doc. # 1-2 at 59-64).

Whitbeck filed his complaint pro se on July 19, 2010. His complaint alleges that the IRS "seized money unlawfully and filed a fraudulent Federal Tax Lien against the plaintiff." (Doc. # 1 at ¶ 3). Specifically, Whitbeck alleges that the IRS "used deceit and fraud" to lead him to believe that this Court did not have original jurisdiction over the matter of his tax liability, thus violating his due process rights under the Fifth Amendment and § 9 of the Florida Constitution (Count I). (Id. at ¶¶ 9-10). Furthermore, Whitbeck contends that the IRS waited 13 years before seizing his money and filing a federal

2

tax lien; thus the action is barred by Estoppel by Laches (Count II). (Id. at ¶ 13).

In Count III, Whitbeck alleges that his correspondence to the IRS's Atlanta, Georgia, Service Center was tampered with in violation of § 12 of the Florida Constitution and 18 U.S.C. §§ 1701-1702 (Obstruction of Mails), and that the IRS breached a duty to notify him that intermeddling had occurred. (Id. at ¶ 20-21). In Count IV, he contends that his rights to due process under the Fifth Amendment and § 9 of the Florida Constitution supersede the administrative determination of an agency and thus the IRS committed gross fraud. (Id. at ¶ 27-28). He further alleges due process violations with regard to the garnishment of his wages (Count V). (Id. at ¶ 32).

In Count VI, Whitbeck asserts that the IRS made "false representations" with "reckless disregard" for his "rights and interests, so as to be amenable to punitive damages for gross fraud." (Id. at ¶¶ 38-39). Count VII reasserts his claim of due process violations, coupled with conspiracy to interfere with his civil rights, against the IRS, "the postal service and Officers of the United States Government." (Id. at ¶ 41).

Whitbeck asks that the Court award him $50,000.00 "to settle all claims for relief in this complaint" as well as any

3

other relief the Court might deem equitable. (Doc. # 1 at ¶ 43). The Court construes this to mean that he seeks discharge of the federal tax lien against him, a tax refund and money damages.

The United States, as real party in interest, argues in its Motion to Dismiss that Whitbeck's entire complaint fails for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. # 37). In his response to the Motion, Whitbeck asserts that this Court has jurisdiction to hear his constitutional claims, and that those claims and his claims of fraud and mail fraud entitle him to relief. (Doc. # 40 at ¶¶ 20-23).

## II. Standard of Review

Federal courts are courts of limited jurisdiction; in order to establish a claim in federal court, the plaintiff must display complete diversity or raise a question of federal law. The party invoking jurisdiction bears the burden of demonstrating that the matter falls within the court's subject matter jurisdiction. Curry v. High Springs Family Practice & Diagnosis Ctr., No. 1:08-cv-00008-MP-AK, 2009 WL 3163221, at *2 (N.D. Fla. Sept. 30, 2009).

4

Motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is facial, as it is here, the Court looks to the complaint to determine if the "plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal quotations and citations omitted). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion." Id.

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). "A motion to dismiss will be denied unless it appears beyond

all doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). "In the case of a pro se action, moreover, the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." Id.

> However, the Supreme Court has explained that:
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Court notes that its analysis is confined to the four corners of the complaint. Whitbeck filed a lengthy series of briefs in two documents attached as Exhibits to his Complaint. Because these documents are attached to the Complaint, the Court may consider them without converting the Motion to Dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).

**III. Analysis**

The United States argues that (1) the Anti-Injunction Act precludes this Court from exercising jurisdiction over any suit that seeks to enjoin the collection of taxes; (2) the United States has not waived sovereign immunity to suit with regard to the remaining claims; and (3) the complaint is frivolous. Because questions of jurisdiction must be resolved before this Court can properly address substantive claims, the Court will first analyze the effects of the Anti-Injunction Act and the United States' claim of sovereign immunity.

**A.    The Anti-Injunction Act**

Federal law strictly limits a district court's authority to enjoin the IRS from collecting taxes. The Anti-Injunction Act sets forth the limited circumstances in which a taxpayer may maintain a suit for the purpose of enjoining the collection of taxes:

> Tax.--Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). None of the statutory exceptions apply in this matter.

7

The purpose of the Anti-Injunction Act is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sum be determined in a suit for refund." Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7 (1962). The Supreme Court has held that a taxpayer's constitutional claims are equally subject to the prohibition against tax injunctions. United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 10 (2008).

It is well-established that the Act does not violate due process because a taxpayer has access to judicial review in an action for a tax refund. Muncaster v. Baptist, 367 F. Supp. 1120 (N.D. Ala. 1973). The Internal Revenue Code, 26 U.S.C. § 7422, provides for civil actions to recover a tax refund, and 28 U.S.C. § 1346(a)(1) vests district courts and the Court of Federal Claims with jurisdiction to hear such a case. See Gulden v. United States, 287 Fed. Appx. 813, 816-817 (11th Cir. 2008). The availability of a refund suit is an adequate alternative remedy with regard to constitutional claims. See United States v. Amer. Friends Serv. Comm., 419 U.S. 7 (1974).

Although Whitbeck alleges numerous claims against the IRS on a variety of grounds, all revolve around his dispute of the

federal tax lien.[1] The Court finds that insofar as Whitbeck seeks to enjoin the assessment or collection of federal taxes against him, the Anti-Injunction Act expressly prohibits his claims.

The Supreme Court has carved out a narrow judicial exception to the Anti-Injunction Act. A district court may enjoin the collection of taxes if "(1) it is clear that under no circumstances could the Government ultimately prevail, and (2) equity jurisdiction otherwise exists – that is, there must be (a) irreparable injury and (b) no adequate remedy at law." Gulden, 287 Fed. Appx. at 817 (internal quotations and citations omitted).

The Court finds that the limited judicial exception does not apply in this case. Although Whitbeck asserts that the IRS "won't be able to establish any injury or violations entitling them to a federal tax lien," he offers no evidence in support of that argument. (Doc. # 40 at ¶ 4). He asserts his legal conclusion that the Internal Revenue Code is inapplicable and the Tax Court has no jurisdiction over his claims. (Id. at ¶¶ 18, 27, 33). The Court finds that Whitbeck has not demonstrated that the IRS cannot prevail, or that there is no

---

[1] His Complaint is titled "Complaint for Injuries Resulting from Fraudulently Filing a Federal Tax Lien."

9

adequate remedy at law. The Court therefore lacks jurisdiction to enjoin the federal tax lien against Whitbeck.

**B.    Waiver of Sovereign Immunity**

The United States is immune from suit absent its consent. United States v. Mitchell, 445 U.S. 535, 538 (1980). In order to proceed with a claim against the United States, a plaintiff must demonstrate that Congress has unequivocally waived sovereign immunity for the specific action. Id. "[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." Block v. North Dakota ex rel. Bd. of Univ. & School Lands, 461 U.S. 273, 287 (1983). "[T]he terms of [the] waiver, as set forth expressly and specifically by Congress, define the parameters of a federal court's subject matter jurisdiction to entertain suits brought against it." Ware v. United States, 626 F.2d 1278 (5th Cir. 1980).

**1.    Claims for Refund of Federal Taxes**

Congress has set forth by statute the conditions surrounding the waiver of sovereign immunity with regard to a refund of federal taxes:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

10

> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongly collected under the internal-revenue laws;

28 U.S.C. § 1346(a)(1). The Supreme Court has held that a "taxpayer must comply with the tax refund scheme established in the [Internal Revenue] Code" prior to filing suit pursuant to 28 U.S.C. § 1346(a)(1). Clintwood Elkhorn Min. Co., 553 U.S. at 4. That scheme is set forth in 26 U.S.C. § 7422(a), which prescribes that a taxpayer may not maintain such a suit "until a claim for refund or credit has been duly filed." In addition to exhausting administrative remedies, the taxpayer must pay the tax liability in full prior to filing suit. Flora v. United States, 362 U.S. 145, 150-151 (1960). Whitbeck has not alleged that he has exhausted his administrative remedies or fully paid his tax liability. Therefore, his suit may not be maintained in this Court.

The Court remains mindful of Whitbeck's assertion that he brings suit not under the Internal Revenue Code but under the Constitution. (Doc. # 40 at ¶ 33). However, "Congress has the authority to require administrative exhaustion before allowing a suit against the Government, even for a constitutional

11

violation," and that principle is "fully applicable to claims of unconstitutional taxation." <u>Clintwood Elkhorn Min. Co.</u>, 553 U.S. at 9 (citations omitted). Because the United States has not waived sovereign immunity as to Whitbeck's constitutional claims, the Court does not have subject matter jurisdiction.

### 2. Claims for Damages

Although Whitbeck has not pointed to a statute waiving sovereign immunity for his claims for damages, the United States offers two possible avenues in its Motion. The United States suggests that Whitbeck may be endeavoring to bring his claims of fraud or deceit under the Federal Tort Claims Act (FTCA), or claims of failure to release a lien or unlawful collection practices pursuant to Sections 7432 or 7433 of the Internal Revenue Code. (Doc. # 37 at 9-10).

The FTCA waives sovereign immunity as to claims for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government, while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b)(1). However, the FTCA does not apply to "any claim arising in respect of the assessment or collection of any

12

tax." 28 U.S.C. § 2680(c). Therefore, the FTCA does not waive sovereign immunity as to Whitbeck's claims.

Section 7432 of the Internal Revenue Code allows a taxpayer to sue for damages stemming from the IRS's failure to release a lien on property under Section 6325. 26 U.S.C. § 7432(a). Section 7433 provides a limited waiver of sovereign immunity with regard to claims for damages arising from certain unlawful tax collection practices. 26 U.S.C. § 7433(a). Both of these statutes require the taxpayer to first exhaust administrative remedies before a judgment for damages can be awarded.[2] 26 U.S.C. § 7432(d)(1); § 7432(d)(1). Furthermore, waiver of sovereign immunity is predicated on exhaustion of administrative remedies. Thomson v. United States, No. 00-9065-civ, 2001 WL 1022518 at *3 (S.D. Fla. 2001).

Again, Whitbeck does not allege that he has exhausted his administrative remedies as required by statute. Therefore, the United States has not waived sovereign immunity as to this matter, and the Court does not have subject matter jurisdiction.

---

[2] The available administrative remedies are set forth in 26 C.F.R. § 301.7432-1 and 26 CFR § 301.7433-1.

13

**IV. Conclusion**

The Court finds that it does not have subject matter jurisdiction in this case. Therefore, the Court need not address the substance of Whitbeck's claims. This case is dismissed with prejudice for lack of subject matter jurisdiction.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The United States of America's Motion to Dismiss (Doc. # 37) is **GRANTED**.

(2) This case is **DISMISSED** with prejudice. The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of August 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record

14